## Cupp Grocery Co. *v.* Johnstown, Appellant.

*Taxation—Mercantile tax—Retail trade—Several establishments
—License—Third-class cities—Acts of June 27, 1913, P. L. 568,
and May 27, 1919, P. L. 310.*

1. Where a corporation conducts a retail grocery business in
many distinct establishments in a third-class city, such city can-
not, under the Acts of June 27, 1913, P. L. 568, and May 27, 1919,
P. L. 310, provide by ordinance for the levy and collection of a
mercantile license tax upon the business transacted at each separate
place of business.

2. In such case the tax must be based on the aggregate amount
of business done annually regardless of the number of stores
operated.

Argued November 29, 1926. Before MOSCHZISKER,
C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAF-
FER, JJ.

Appeal, No. 19, March T., 1927, by defendant, from
judgment of Superior Court, April T., 1926, No. 173,
affirming declaratory judgment for plaintiff of C. P.
Cambria Co., June T., 1925, No. 889, in case of Cupp
Grocery Co. v. City of Johnstown. Affirmed. See 88
Pa. Super. Ct. 632.

Appeal from judgment of Superior Court.

The opinion of the Superior Court by CUNNINGHAM,
J., was as follows:

This is an appeal by the City of Johnstown from a
declaratory judgment entered by the Court of Common
Pleas of Cambria County under the Act of June 18,
1923, P. L. 840, and determining the rights and status
of the Cupp Grocery Company, a corporation engaged
in the grocery business in said city, as affected by the
Third Class City Act of 1913, as amended in 1919, and
a certain municipal ordinance of said city.

The controversy out of which the proceeding arose
involved the question whether said Cupp Grocery Com-
pany, the appellee, could legally be required under said

act and ordinance to pay a separate license tax on each of the thirty-three stores it was then operating in said city or whether it was liable for only one license tax covering all the business transacted by it in said city. The court below decreed that appellee was entitled to have said license tax based upon the aggregate amount of business done regardless of the number of stores operated by it, and accordingly entered judgment in favor of appellant, the City of Johnstown, in the sum of only $100 instead of $915, the amount claimed by said city.

The city appealed and assigned for error the entering of said decree. There was no dispute about the facts. Appellee during the year in question was engaged in the retail grocery business at thirty-three separate places of business in said city and the aggregate amount of its sales exceeded $100,000.

The Third Class City Act of June 27, 1913, P. L. 568, article V, section 3, clause 4, p. 580, as amended by the Act of May 27, 1919, P. L. 310, p. 315, inter alia, authorizes such cities by ordinance "to levy and collect a license tax for general revenue purpose not exceeding $100 each, annually, on all auctioneers, contractors,......merchants of all kinds,......grocers," etc. Pursuant to the authority thus conferred appellant enacted ordinance No. 26, as amended by ordinance No. 164, entitled, "An ordinance—providing for and regulating the assessment, levy and collection of annual license taxes upon trades, business, callings, occupations, matters and things within the City of Johnstown, Pennsylvania. The granting of licenses therefor and imposing penalties for the violation of said ordinance."

By section 1 of said ordinance it is provided that the license tax therein specified shall be "levied annually upon all persons, firms and corporations engaged in any trade, business," etc., within the city. By the second section it is provided that "All grocers, druggists, confectioners,......doing business in the city, shall be classified and pay an annual license tax as follows:

A—retail dealers.  Class 1, whose annual sales amount to one hundred thousand ($100,000) dollars or over, shall pay one hundred ($100) dollars."

The persons, firms or corporations affected by said ordinance are divided into seven classes and the amount of tax payable by each class is dependent upon the amount of business done.  In its opinion, holding that appellant is not entitled to levy and collect a separate tax on each store operated by appellee, the court below said: "The language of the act merely refers to dealers and not to places of business.  While we believe that this construction of the act is indicated clearly in the language used we also find the ordinance itself confirms such a reading, for example, in the case of the taxation of a street railway company a tax is placed against the company generally and later on a tax is placed upon each car.  In the case of livery stables or automobile garages there is a general tax upon the persons engaged in such business, and an additional tax upon each vehicle used.  Counsel for the defendant relies for support of his contention upon the cases of Atlantic Refining Co. v. Van Valkenburg, 265 Pa. 456; Com. v. Thomas Potter, Sons & Co., 159 Pa. 583; Com. v. Abbotts Alderney Dairies, 62 Pa. Superior Ct. 451; Com. v. American Tobacco Co., 173 Pa. 531, all of which cases arise out of the mercantile tax law.  This law, however, is not one that may be used for comparison with the ordinance of the City of Johnstown for the reason that an examination of the statutes relating to mercantile taxes will disclose the fact that these statutes require the persons doing business to take out a license for each and every store."

The court then proceeded to hold that appellant had power and authority to pass an ordinance placing a tax upon each place of business and that such an ordinance would be reasonable and proper if appellant had in mind nothing more than the additional work in connection with police and fire protection occasioned by having

places of business at different locations in the city. The disposition of the only question that was really before the court below did not require it to decide whether appellant had power and authority to pass an ordinance taxing each place of business.

It is expressly provided by the said amendment of 1919 to the Third Class City Act that the license taxes here in question are to be levied and collected for general revenue purposes and it may therefore well be doubted whether appellant has, in the exercise of its police power, authority to impose a tax as suggested by the court below. That question, however, is not involved on this appeal and we express no opinion upon it. The sole contention of the appellee is that appellant has not taxed its separate places of business in enacting the ordinance in question but has only taxed "persons, firms or corporations" engaged in, inter alia, the grocery business.

It is admitted by the learned city solicitor that it is not possible "to place one's finger on actual words in the above act of assembly stating that a corporation, or an individual, carrying on a business taxed under said act shall pay a license tax for the business transacted at each store," but it is argued that it is reasonable to infer that such was the intention of the legislature.

The rule however for the construction of the statute and ordinance in question upon this appeal is thus stated by Mr. Justice WALLING in Com. v. Pa. Water & Power Co., 271 Pa. 456, 458: "The power to impose a tax is given by statute and an act relating thereto embraces such subjects only as are plainly within its terms. In other words, 'A tax law cannot be extended by construction to things not described as the subject of taxation': Boyd v. Hood, 57 Pa. 98. To entitle the Commonwealth to the tax imposed, the words of the statute must be clear and unambiguous: Com. v. Brush, E. L. & P. Co., 204 Pa. 249, 252; Endlich on the Interpretation of Statutes, p. 478, section 345."

The difficulty with the cases cited in behalf of appellant relating to the imposition of the mercantile license taxes is that these taxes are imposed under a system of statutes authorizing their imposition on each separate place of business carried on by the same person or corporation. For instance, in Atlantic Refining Co. v. Van Valkenburg, 265 Pa. 456, it is expressly pointed out in the opinion of our Supreme Court that prior legislation covering that case, and not repealed by the Act of May 2, 1899, P. L. 184, required that where a person shall have more than one store in which merchandise is vended such person shall be required to take out a license for each and every store.

Again, in Com. v. Childs Dining Hall Co., 32 Pa. Superior Ct. 467, PORTER, J., clearly points out that the Act of April 10, 1849, P. L. 570, in so far as it relates to eating-houses, restaurants and oyster cellars, was not repealed by the Act of May 2, 1899, P. L. 184, and that said prior act required the appellant in that case to take out a separate license for each separate establishment which it maintained in a city in this State. The character of the tax imposed under the statutes involved in that case is thus described in the opinion: "The amount which the eating-house keeper pays for his license is not in the nature of an occupation tax, a fixed charge imposed on all who follow a certain calling; neither is it a general tax upon the particular business of buying and selling food-stuffs, whether prepared or unprepared for immediate use."

We agree with the court below that the cases construing our mercantile tax laws do not aid in the construction of the ordinance here involved, and we are of opinion that this ordinance provides primarily for a tax upon certain specified trades, businesses, callings and occupations, which tax is imposed upon all persons, firms and corporations engaging therein. As applied to the facts in this case it is a general tax upon the designated business of engaging in the sale of groceries at

retail graduated in proportion to the volume of annual sales and regardless of the number of places at which such sales are made.

The judgment is affirmed.

Defendant appealed.

*Error assigned* was judgment of Superior Court, quoting record.

*Friedjoff D. Tappert,* with him *Tillman K. Saylor,* for appellant.

*Frank P. Barnhart,* for appellee.

PER CURIAM, January 3, 1927:

The judgment in this case is affirmed on the opinion of the Superior Court.

---

# George et al. *v.* Goodovich et al., Appellants.

*Injunctions—Nuisance—Garages — Residential neighborhood—Equity.*

1. Twenty separate one-story buildings or compartments facing each other, ten on each side of a fourteen-and-one-half-foot highway, will be enjoined from being used as garages in a residential neighborhood, where it appears that they are to be rented separately as private garages, and that, owing to their small size, the washing of the cars will have to be done in the street, and that the operation and washing of the cars in the narrow driveway will cause unusual noise.

2. The question as to what constitutes a nuisance depends upon the nature of the acts of which complaint is made, and not upon the means by which produced, or the particular description applied to them.

3. A so-called "private" garage may be operated in such manner and on so large a scale that the annoyance and disturbance result-